Paul Mallard, Director State Building Services 1515 Building, Suite 700 1515 West 7th Street Little Rock, Arkansas 72201
Dear Mr. Mallard:
This is in response to your request for an official opinion regarding questions pertaining to millage funds levied by a community college for capital improvements.
Question No. 1 is whether methods of finance are required. Methods of financing capital improvements by any agency are required to be filed with and approved by the Governor and the Chief Fiscal Officer. Ark. Stat. Ann. 13-348(D). Those agencies which must comply are those included within the scope of the General Accounting and Budgetary Procedures Law. See Ark. Stat. Ann. 13-328(A). The preamble to Act 876 of 1973, Ark. Stat. Ann. 13-327, et seq., states the purpose is to provide for adequate accounting and budgetary procedures.
However, community colleges, authorized by Act 560 of 1977 are subject to coordination by the State Community College Board. Ark. Stat. Ann. 80-4909. Specifically, the Board is required to develop a uniform budget format and accounting procedures for all community colleges and to determine that State funds are used in conformity with the grant of such funds. Ark. Stat. Ann. 80-4904(g) and (h). Act 560 governs the issue of accounting and budgetary procedures for community colleges. Therefore, Ark. Stat. Ann. 13-348(D) requiring methods of finance is not in my opinion applicable to community colleges.
Question No. 2 is whether bidding and awarding of capital improvement contracts must conform to Act 159 of 1949 as amended, Ark. Stat. Ann. 14-611 et seq. That Act addresses capital improvement contracts by certain entities including state agencies, school districts and local taxing units.
A community college is controlled by a local board, Ark. Stat. Ann. 80-4910(a), and is authorized to levy a millage tax to construct and furnish its facilities. Ark. Stat. Ann. 80-4908. As a local taxing unity the community college would be subject to Ark. Stat. Ann. 14-611, et seq., governing bids and awards of capital improvements contracts.
Question No. 3 is whether legislative authorization is required for the expenditure of millage funds by such colleges.
Monies received from a millage by a community college under Act 560 of 1977, Ark. Stat. Ann. 80-4901, et seq., are not subject to the requirement of an appropriation, Ark. Stat. Ann. 13-359, so long as the funds are used for the purposes stated on the ballot at the election authorizing the millage. Ark. Stat. Ann. 13-362.
Question No. 4 is whether payment requests on such capital improvement contracts are subject to voucher examination.
Voucher examination of the expenditure of cash funds by state agencies is required by 2 of Act 5 of 1975, Ark. Stat. Ann. 13-357. Agencies covered by the Act include state supported institutions of higher education. Ark. Stat. Ann. 13-356. A community college is an institution of higher education. Ark. Stat. Ann. 80-4912. While such schools are exempt from obtaining legislative approval for funds from millage levied pursuant to an election, other provisions of Act 5 are applicable unless inconsistent with this exemption. Ark. Stat. Ann. 13-362.
Disbursements are examined for the purposes enumerated in Ark. Stat. Ann. 13-360(D) which include purposes other than checking for legislative authorization. Therefore, voucher examination appears to be required for disbursement of such millage funds by community colleges.
Question No. 5 is whether design professionals, e.g. architects and engineers, must be selected in accordance with Act 716 of 1975 and SBS Standards and Criteria.
The Structural Advisory Office of SBS is charged with establishing procedures for the selection of such professionals by state agencies. Ark. Stat. Ann. 5-1022(c)(i). State agencies as used in Act 716 covers institutions of higher learning including colleges, universities and vocational technical schools or other institutions. Ark. Stat. Ann. 5-1019(e). Therefore, a community college appears to be a state agency which must conform to the State Building Services (SBS) Standards and Criteria in its selection of design professionals.
Question No. 6 is whether design professional's contract must be reviewed by the Legislative Council. Ark. Stat. Ann. 13-346 addresses professional services contracts by state agencies.
State agencies, as used in regard to such contracts, includes institutions of higher education. A community college, as an institution of higher education, must comply with Ark. Stat. Ann. 13-346 in entering professional service contracts with design professionals. This includes review by the Legislative Council when the terms of the professional services contract fall within Ark. Stat. Ann. 13-346(E).
Question No. 7 is what responsibilities does SBS have regarding community colleges' capital improvement contracts paid with millage funds.
In addition to the responsibilities of the Structural Advisory Office addressed in part above, the Office of Construction is charged with specific responsibilities. Ark. Stat. Ann. 5-1022(a). Those responsibilities apply to contracts by state agencies without regard to the source of funds for payment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.